**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS JUAREZ-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-75056<br><br>Agency No. A098-436-820<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Juan Carlos Juarez-Martinez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010), and we deny the petition for review.

Juarez-Martinez testified to incidents in El Salvador perpetrated by drug dealers and gang members because of his work at a drug rehabilitation center. Substantial evidence supports the agency's denial of Juarez-Martinez's asylum claim because he failed to demonstrate he was or will be harmed by forces the government of El Salvador is unwilling or unable to control. *See id.* at 920-23; *see also Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Further, we reject Juarez-Martinez's contention that the BIA erred in failing to address whether the harm he suffered rose to the level of persecution, because "[i]n order to establish eligibility for asylum on the basis of past persecution," Juarez-Martinez must show that the incidents were "committed by the government or forces the government is either 'unable or unwilling' to control." *Navas v. INS*, 217 F.3d 646, 655-656 (9th Cir. 2000). To the extent Juarez-Martinez claims he is entitled to humanitarian asylum, this claim fails because he did not establish past persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

Because Juarez-Martinez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Castro-Perez*, 409 F.3d at 1072.

Finally, substantial evidence supports the agency's denial of Juarez-Martinez's CAT claim because he failed to establish a likelihood of torture by or with the acquiescence of government officials if returned to El Salvador. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**

08-75056